**PREVOST v. MORGENTHAU, Secretary of the Treasury.**

**No. 88892.**

District Court of the United States for the District of Columbia.

Jan. 18, 1938.

Ashby Williams, of Washington, D. C., for plaintiff.

Leslie C. Garnett, U. S. Atty., and Allen J. Krouse, Asst. Dist. Atty., both of Washington, D. C., for defendant.

BAILEY, Justice.

This is an action brought by the administrator of one Teresa De Prevost, deceased, seeking the issuance of a writ of mandamus to compel the defendant, as Secretary of the Treasury, to pay to him the sum of $25,000, appropriated by act of Congress to be paid to the plaintiff's intestate. The defendant claims that, though the bill appropriating this sum was passed by both houses of Congress, it was returned to the Senate, in which the bill originated, by the President without his approval within the time fixed by the Constitution.

The applicable provision of the Constitution is contained in clause 2, § 7, art. 1, as follows: "Every Bill which shall have passed the House of Representatives and the Senate, shall, before it become a Law, be presented to the President of the United States; If he approve he shall sign it, but if not he shall return it, with his Objections to that House in which it shall have originated, who shall enter the Objections at large on their Journal, and proceed to reconsider it. If after such Reconsideration two thirds of that House shall agree to pass the Bill, it shall be sent, together with the Objections, to the other House, by which it shall likewise be reconsidered, and if approved by two thirds of that House, it shall become a Law. But in all such Cases the Votes of both Houses shall be determined by Yeas and Nays, and the Names of the Persons voting for and against the Bill shall be entered on the Journal of each House respectively. If any Bill shall not be returned by the President within ten Days (Sundays excepted) after it shall have been presented to him, the Same shall be a Law, in like Manner as if he had signed it, unless the Congress by their Adjournment prevent its return, in which Case it shall not be a Law."

The bill in question was presented to the President on May 25, 1936, and the tenth day thereafter (Sunday excepted) was June 5, 1936. It appears that the President wrote a message to the Senate bearing date of June 5, 1936, and the testimony shows that under the uniform practice these messages bore the date on which they were signed. Mr. Latta, an executive clerk in the office of the President, testified that for the past thirty-one years his occupation had been to carry messages from the

President to the Senate, that the messages were contained in sealed envelopes and that he seldom knew the contents of the envelopes containing these messages; that when he appeared at the entrance to the Senate chamber the doorkeeper announced him, and thereupon the witness was recognized by the presiding officer, and he then announced that he was directed by the President to deliver to the Senate a message; that he then handed the message to the doorkeeper; and that, if any one was speaking at that time, the presiding officer asked the Senator to permit the receipt of a message from the President.

The Journal of the Senate in the proceedings for June 5, 1936, has no mention of any bills by the President to the Senate. The record of proceedings for June 6, 1936, shows that the Vice President laid the messages from the President with respect to the bill here in question (and also with respect to the bill in question in law No. 89009, heard with this case) before the Senate. Mr. Watkins, the Parliamentarian of the Senate, testified that during the year 1936, and for several years before that time, he was the journal clerk in the Senate; that it was not the practice of the journal clerk to make a record of veto messages until they were laid before the Senate; that it was the custom for veto messages to be sent down in sealed envelopes.

Neither Mr. Latta nor Mr. Watkins had any independent recollection in regard to these particular veto messages.

In the congressional record of the proceedings of the Senate of June 5, 1936, appears the following: "Messages in writing from the President of the United States were communicated to the Senate by Mr. Latta, one of his secretaries * * *" and in the proceedings of June 6, 1936, it appears that the Vice President laid before the Senate the messages of the President vetoing the two bills in question; but the Congressional Record does not show the receipt of any messages from the President on that day.

I think, therefore, that it is clear that these veto messages were signed by the President on June 5, 1936, and delivered by Mr. Latta to the Senate on June 5, 1936, while the Senate was in session. The fact that the Vice President did not lay these messages before the Senate until the next day is immaterial. The President had performed all the duties imposed upon him by the Constitution when he returned these bills to the Senate in session with his objections. Any method of procedure of the Senate which might result in any lack of knowledge of the contents of these messages on the part of certain members of the Senate would not lay any greater duties on the President under the Constitution.

The result is that, in my opinion, the bill in question was not enacted into law, and the petition should be dismissed.